UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 21, 2017

Deyanira Rodriguez
250 Chestnut Street
Newark, NJ 07105
*Pro Se Plaintiff*

Rachel Licausi, Esq.
Special Assistant
United States Attorney
Social Security Administration
Office of the General Counsel, Region III
P.O. Box 41777
Philadelphia, PA 19101
*Attorney for Defendant Commissioner of Social Security*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Rodriguez v. Commissioner of Social Security**
    **Civil Action No. 17-5879 (SDW)**

Litigants:

Before this Court is Defendant Commissioner of Social Security's ("Commissioner" or "Defendant") Motion to Dismiss Plaintiff Deyanira Rodriguez's ("Plaintiff") Complaint for failure to timely commence a civil action.[1]  This Court having considered the Defendant's submission, noting that the motion is unopposed, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## DISCUSSION

On September 3, 2017, Plaintiff filed an application for disability insurance benefits ("DIB") and social security benefits ("SSI"). (Declaration of Marie Cousins (hereinafter "Cousins' Decl."), ECF. No. 9-1 ¶ 3(a).)  Those claims were initially denied by the Social

---

[1] This Court treats this as a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Security Administration ("SSA") on March 18, 2014. (*Id.* ¶ 3(b).) Plaintiff's request for reconsideration was also denied on April 29, 2014. (*Id.* ¶ 3(c).) On May 3, 2014, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued a decision denying Plaintiff's claims for benefits on February 25, 2016. (*Id.* ¶ 3(d).) Plaintiff appealed the decision on March 9, 2016. (*Id.*) On May 25, 2017, the Appeals Council notified Plaintiff by mail that she had the right to commence a civil action within sixty (60) days from the date of the receipt of the notice.[2] (*Id.* ¶ 3(e).) On August 8, 2017, Plaintiff filed a civil action in this Court. (Compl., ECF. No. 1; Cousins' Decl. ¶ 3(g).)

This Court has jurisdiction to review claims arising under the Social Security Act (the "Act") only as provided for in 42 U.S.C. § 405(g). Section 405(g) of the Act "mandates that the individual must file his or her civil action 'within sixty days after the mailing to him of notice of [the Commissioner's final] decision or within such further time as the Commissioner of Social Security may allow.'" *Walker-Butler v. Berryhill*, 857 F.3d 1, 2 (3d Cir. 2017) (quoting 42 U.S.C. § 405(g)). Here, Plaintiff's time to file a civil action in this Court expired on July 31, 2017.[3] Because Plaintiff did not make any request for an extension of time to file her civil action prior to the deadline, and the Commissioner did not grant an extension of time under 20 C.F.R. § 210(c), the August 8, 2017 filing was untimely. Additionally, although the sixty (60) day time limit under 42 U.S.C. § 405(g) is subject to equitable tolling, Plaintiff has not made any arguments suggesting that this doctrine should apply to the facts of her case. Thus, the Court deems this argument waived.

Therefore, Plaintiff's complaint is dismissed. Defendant's Motion to Dismiss for lack of subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                                      /s/ Susan D. Wigenton
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[2] The "date of receipt . . . shall be presumed to be 5 days after the date of such notice. . . ." 20 C.F.R. § 422.210(c).

[3] The filing deadline is calculated by adding five (5) days to the sixty (60) day deadline. Because the sixty-fifth day, July 29, 2017, fell on a Saturday, Plaintiff had until the following Monday, July 31, 2017, to file her complaint. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a computed time period] is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday . . . .").